## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 18 2017, 5:42 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

Diana C. Bauer
Bauer Legal LLC
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEES

William T. Hopkins, Jr.
Mark D. Scudder
Sheryl McGrath
Barnes & Thornburg LLP
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| John Johnson, et al., <br> *Appellants-Defendants,* <br><br> v. <br><br> Catherine Barnes, et al., <br> *Appellees-Plaintiffs.* | August 18, 2017 <br><br> Court of Appeals Case No. 02A05-1610-MI-2423 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable Craig J. Bobay, Judge <br><br> Trial Court Cause No. 02D02-1512-MI-1224 |

**Bailey, Judge.**

# Case Summary

John Johnson ("Johnson"), Percival Moore ("Moore"), and Harold Wims ("Wims"), three former trustees of Pilgrim Baptist Church ("the Church"), appeal following the dismissal of a complaint for injunctive relief and damages filed by Catherine Barnes and thirty other members of the Church. Johnson, Moore, and Wims articulate a single issue for review: whether the trial court erred in removing them from their positions as trustees while not simultaneously removing as trustees Richard Stevenson ("Stevenson") and Rodney Haywood ("Haywood"), pending a new election. We dismiss.

# Facts and Procedural History

The Church was formed in 1919, in Fort Wayne, Indiana. The Church was to be governed by Baptist Church Covenants, in relevant part providing:

> We engage, therefore, by the aid of the Holy Spirit, to walk together in Christian love; to strive for the advancement of this church in knowledge and holiness; to give it a place in our affections, prayers and services above every organization of human origin; to sustain its worship, ordinances, discipline and doctrine; to contribute cheerfully and regularly, as God has prospered us, towards it expenses, for the support of a faithful and evangelical ministry among us, the relief of the poor and the spread of the Gospel throughout the world. In case of difference of opinion in the church, we will strive to avoid a contentious spirit, and if we cannot unanimously agree, we will cheerfully recognize the right of the majority to govern.

(App. at 48.) In 1949, the Church was incorporated in the State of Indiana. The Articles of Incorporation ("the Articles") were filed with the Indiana Secretary of State in 1949, and were amended in 1985. The Articles require an annual election on the third Friday of December. The membership is to elect five trustees, to serve staggered two year-terms.

[3] Notwithstanding the election provision, the Church had no election of trustees from 1983 to 2014. Rather, the pastor of the Church appointed trustees and deacons.

[4] On July 26, 2013, Stevenson, Haywood, Moore and Wims filed a Complaint against the Church, requesting the appointment of a receiver, a compulsory meeting of members and election of trustees, and adoption of Church by-laws. On June 24, 2014, the trial court ordered that an election of trustees occur on or before July 26, 2014. The order also required the newly elected trustees to propose Church by-laws, to become effective upon membership approval.

[5] Two pastors of other Baptist Churches and the City of Fort Wayne Chief of Police acted as election commissioners for conducting an election of five trustees. In July of 2014, Johnson, Moore, Stevenson, Haywood, and Wims were elected as trustees. By-laws were adopted on July 30, 2014. On October 21, 2014, a special judge entered an Order of Final Judgment, stating that the election of trustees and adoption of Church by-laws had occurred.

[6] On December 22, 2015, thirty-one members of the Church ("Plaintiffs-Members") filed a Complaint for Injunction and Damages, naming as

defendants Johnson, Moore, and Wims. As amended, the Complaint sought a permanent injunction requiring that Johnson, Moore, and Wims ("the Defendants") cease to act as Church trustees or directors, an order for access to Church books and records, and unspecified damages for a breach of duty of good faith. The Complaint included allegations that the December 2015 election had not been conducted; the validity of the new by-laws was in question due to a conflict with the Articles (with the Articles providing that three of the initially-elected trustees were to serve two year terms and two were to serve for one year, and the by-laws providing for five-year terms for each of the five trustees); the Defendants had denied the membership access to Church books; the Defendants had threatened to dis-fellowship some of the membership; the Defendants had hired a construction company owned by Wims to perform Church construction work; and the Defendants had mis-represented the Church membership data. Finally, the Complaint alleged that the Church membership, in a special meeting, had voted to oust the Defendants from their roles as trustees.

On May 3, 2016, the Plaintiffs-Members filed a Motion for Partial Summary Judgment. The trial court conducted a hearing on May 26, 2016 and, on June 23, 2016, granted the motion. The order provided in part:

> It is undisputed that Pilgrim Baptist Church is a nonprofit corporation governed by the Indiana Nonprofit Corporation Act of 1991, which is codified at Indiana Code § 23-17-1-1. . . . Defendants do not dispute that there is a conflict between the Articles of Incorporation and the newly adopted Bylaws. . . . [T]he Court concludes that the Articles of Incorporation,

paragraph 3, controls. The Court notes that if the majority of the members believe that a trustee should serve a term of five (5) years, than [sic] the Pilgrim Baptist Church is free to amend its Articles of Incorporation. However, under Indiana law, bylaws are not meant to supersede the articles of incorporation, but instead, are created to supplement them.

Accordingly, the Court now Orders the three (3) Defendants (John Johnson, Percival Moore, and Harold Wims) are immediately removed as trustees of the Pilgrim Baptist Church; and the Court Orders the Pilgrim Baptist Church to hold a new election for these three (3) positions to result in conformity with the Articles of Incorporation. …

Additionally, the Court concludes that the election process shall be governed by a committee ("Election Committee") consisting [of] one (1) church member chosen by the Plaintiffs, one (1) church member chosen by the Defendants, and the two (2) remaining (unchallenged) trustees. . . .

An election for the remaining two (2) currently held (unchallenged) trustee positions must occur in accordance with the Articles of Incorporation in December of 2016.

(Appealed Order at 5-8.)

[8]     On September 19, 2016, Plaintiffs-Members filed a Motion for Voluntary Dismissal Without Prejudice. The trial court conducted a hearing on

September 21, 2016 and granted the motion for dismissal two days later.[1]  This appeal ensued.

## Discussion and Decision

[9] The Defendants argue that it was "improper for the Trial Court to interject itself into Church affairs by removing [them]."  Appellants' Brief at 10.  Additionally, the Defendants assert that "it makes no logical sense for the Trial Court to allow two trustees to remain but the other three immediately removed, particularly when all five were elected by the congregation at the same time."  Appellants' Brief at 12.  They request that this Court "reinstate them to their duly elected positions [as] Trustees."  Appellants' Brief at 13.

[10] We acknowledge the autonomy of religious institutions has long been respected by the State of Indiana.  In 1893, our Indiana Supreme Court explained:

> Ever since the complete separation of church and state in the crowning glory of civil government among men by the constitution of the United States declaring that "congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof," which was followed by similar provisions in most of the state constitutions, and especially our own, the law has known no religious creed, no religious opinion, no religious doctrine, no standard of belief in matters pertaining to religion.  Our state constitution, framed by wise men, and adopted by the people, has still more securely placed us out of the reach of those fierce and bloody struggles

---

[1] The trial court also granted Wims' motion to dismiss a counter-claim that he had filed.

arising out of a difference in religious opinion in former times by declaring that "all men shall be secured in their natural right to worship Almighty God according to the dictates of their own consciences," and that "no law shall in any case whatever control the free exercise and enjoyment of religious opinions, or interfere with the rights of conscience," and that "no preference shall be given by law to any creed, religious society, or mode of worship; and no man shall be compelled to attend, erect, or support any place of worship, or to maintain any ministry, against his consent." . . . In other words, the law allows every one to believe as he pleases, and practice that belief so long as that practice does not interfere with the equal rights of others.

*Smith v. Pedigo*, 145 Ind. 361, 33 N.E. 777, 778-79 (Ind. 1893). Consistent therewith, governmental intrusion in matters of religion is circumscribed by Indiana Code Section 34-13-9-8 (a governmental entity may not substantially burden a person's exercise of religion, even if the burden results from a rule of general applicability, and a governmental entity imposing a substantial burden must demonstrate that the action is in furtherance of a compelling governmental interest and is the least restrictive means of furthering that compelling governmental interest).

[11] However, we do not reach the merits of the Defendants' claim that the trial court unduly interfered and interjected itself into Church business or the merits of the Defendants' alternate suggestion that the trial court may well have interfered more aggressively and removed each of the five former trustees at once. This is because the ultimate issue – whether the Defendants should be reinstated as trustees – is now moot.

[12]   When the primary issue within the case has been ended or settled, or in some manner disposed of, so as to render it unnecessary for the court to decide the question involved, mootness arises. *C.J. v. State*, 74 N.E.3d 572, 575 (Ind. Ct. App. 2017). In other words, when a court is not able to render effective relief to a party, the case is deemed moot and subject to dismissal. *Id.* Here, the matter of whether Johnson, Moore, and Wims should serve as trustees has been decided. Plaintiff-Members assert, and the Defendants do not deny, that two successive trustee elections have taken place. The Defendants were not elected to serve.

[13]   We reject the Defendants' contention that the appeal is not moot because the fact that the elections occurred was not a fact designated to the trial court in summary judgment proceedings. That is because the relevant time frame for determining mootness is in the present, when we must look to whether the requested relief can be granted. This secular institution is unable to provide the Defendants with that which they seek, the opportunity to serve as trustees of the Church; instead, who shall serve was determined by a majority of the congregants of their institution.

[14]   Dismissed.

Baker, J., and Altice, J. concur.